ORIGINAL

JOHN HARRIS PAER    #1551-0
41 B Kepola Place
Honolulu, Hawaii   96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-3918
email: paerj001@hawaii.rr.com

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 0 5 2006

at  9 o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHARLES J. HUXEL, JR. | CIVIL NO. CV06 00308 JMS KS |
| Plaintiff, | COMPLAINT; EXHIBITS "A - C"; SUMMONS |
| vs. | |
| CENTRAL CREDIT SERVICES, INC., | |
| Defendant. | |

COMPLAINT

COMES NOW Plaintiff, by and through his undersigned attorney and alleges as follows:

INTRODUCTION

1.  This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. Section 1692, et seq., to recover actual and statutory damages, reasonable attorney's fees and costs of suit by reason of the Defendant's violations of that Act.  Plaintiff seeks actual and statutory damages arising out of Defendant's misrepresentations and failure to make required disclosures in the collection of an alleged debt.

JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 15 U.S.C.A. Section 1692k(d) and 28 U.S.C.A. Section 1337. The supplemental jurisdiction of this Court is invoked over Count II of the Complaint, which arises under Chapters 443B and 480 of the Hawaii Revised Statutes.

PARTIES

3. Plaintiff is a natural person and is a resident of the State of Hawaii.

4. Defendants is a corporation doing business in the State of Hawaii as a collection agency and debt collector, and is subject to the jurisdiction of this Court.

FACTS

5. Within the year prior to the filing of this action, Defendant has been attempting on behalf of a third party to collect an alleged debt from Plaintiff.

6. On or about March 29, 2006, Defendant sent its first letter to Plaintiff. A true copy of that letter is attached hereto as Exhibit "A".

7. On April 3, 2006, Mr. Thompson, an agent and employee of Defendant called Plaintiff and demanded payment of that account.

8. On April 12, 2006, Mr. Thompson called again and demanded payment of the sum of $4000.00 in order to settle the account in full.

9. Plaintiff told Mr. Thompson that he did not owe that debt, but Mr. Thompson said they were offering Plaintiff a special deal and that he had to respond right away.

10. Defendant then faxed a letter to Plaintiff on April 12, 2006. A true copy of that letter is attached hereto as Exhibit "B".

11. On April 17, 2006, Mr. Thompson called Plaintiff again and demanded payment stating that Plaintiff should not have allowed someone else to use his credit card.

12. Plaintiff told Mr. Thompson that it had been used without Plaintiff's knowledge, but Mr. Thompson told Plaintiff that he would be preparing legal action against Plaintiff.

13. On April 17, 2006, Defendant's counsel sent a letter to Defendant's Hawaii representative, demanding damages and requesting verification of the debt. A true copy of that letter is attached hereto as Exhibit "C".

14. Defendant never sent the requested verification nor responded at all to that letter.

15. The underlying debt was incurred primarily for personal, family, or household purposes.

## COUNT I

16. Plaintiff realleges and incorporates paragraphs 1 through 15 of this Complaint.

17. Defendant has violated the Fair Debt Collection Practices Act in the following ways:

(a) Defendant has used false, deceptive and misleading misrepresentations in connection with the collection of the above claim in violation of 15 U.S.C. §1692e.

(b) Defendant has used unfair means to collect and to attempt to collect the above claim in violation of 15 U.S.C. §1692f.

(c) Defendant has not sent to Plaintiff the proper notices and/or verifications required by the Act in violation of 15 U.S.C. §1692g.

## COUNT II

18. Plaintiff realleges and incorporates paragraphs 1 through 16 of this Complaint.

19. Defendant has violated Chapters 443B and 480 of the Hawaii Revised Statutes as alleged above.

20. Defendant's violations of HRS Chapter 443B and of the Fair Debt Collection Practices Act constitute unfair and deceptive acts or practices in violation of H.R.S. Chapter 480.

21. Defendant's contacts, demands and disclosures in connection with the above-described collection were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff as a consumer, and were unfair and deceptive, in violation of H.R.S. Chapter 480. The acts and representations of Defendant described herein had the capacity of deceive Plaintiff.

22. Plaintiff has suffered injury to his property in an amount to be proved at trial, by reason of Defendant's violations.

WHEREFORE, Plaintiff prays that the Court:

AS TO COUNT I

1. Award Plaintiff his actual damages as will be proved.

2. Award Plaintiff statutory damages of $1000.00.

AS TO COUNT II

3. Award Plaintiff damages in the amount of three times the injury to his property, but not less than $1000.00.

AS TO ALL COUNTS

4. Award Plaintiff reasonable attorneys' fees and costs.

5. Award Plaintiff other appropriate relief.

DATED: Honolulu, Hawaii, June 2, 2006.

_____
JOHN HARRIS PAER
Attorney for Plaintiff